BOUTALL, Judge.
Plaintiff-appellant Robb H. McConnell brought this action against the defendants, Mr. and Mrs. Jesse G. Babcock for return of his deposit and additional damages for defendants’ alleged breach of a purchase agreement executed between the two parties. Defendants filed a reconventional demand seeking recovery of the amount deposited for plaintiff’s alleged breach of that same purchase agreement. From a judgment dismissing both plaintiff’s demand and defendants’ reconventional demand, the plaintiff has appealed.
The parties entered into a purchase agreement on February 5, 1975. That purchase agreement required, among other things, that plaintiff make a deposit equal to 10% of the purchase price and that the act of sale was to take place before lender’s notary on or before March 1, 1975. An act of sale was scheduled for February 20,1975, but on that date the parties discovered that a notice of lis pendens had been recorded against the subject property and the act of *1173 sale for that date was cancelled. Defendant did not appear at the February 20th act of sale. The act of sale was tentatively rescheduled for February 28, 1975, pending removal of the lis pendens notice. On February 28, 1975 no act of sale was prepared nor did one occur, but defendant Jesse Bab-cock initiated an agreement with the plaintiff to extend the purchase agreement an additional 30 days to April 1, 1975 in order that title curative work could be performed by the vendor. On March 15th the agreement to purchase was extended to April 15, 1975.
Unknown to all parties involved in the purchase, the lis pendens was removed on April 4, 1975. On April 15, the real estate agent discovered that the lis pendens had been removed and notified the vendor, purchaser and lender’s notary in order that the sale could be closed on that day. The lender’s notary had not scheduled the act of sale and was not prepared to close the sale on that date, April 15, because of the insufficient time to prepare certificates.
The following day the real estate agent, with the approval of the plaintiff, mailed to the defendants an agreement to extend the original purchase agreement for another 7 days in order that the notary could prepare and schedule an act of sale. The defendants refused to extend the purchase agreement and subsequently accepted another purchase offer.
The plaintiff filed a suit for recovery of deposit, attorney’s fees and damages, as provided in the purchase agreement as penalty for either party’s breach of the agreement. Plaintiff-purchaser alleges that he was willing to take title, with or without the lis pendens, at all times and especially so on February 20, 1975 and April 15, 1975. Plaintiff-purchaser alleges that the defendant was put in default by defendants’ breach of the agreement, that is, defendants’ failure to take any steps to remove the lis pendens and defendants’ failure to go through with the act of sale on April 15. The trial judge dealt with the issue of the seller’s default in his Reasons for Judgment when he said “this agreement to purchase and sell was confected on February 5, 1975 and there was an abortive attempt to have the sale on February 20, 1975. The attempt failed and at which time there was some element of default apparently made as against the seller. Be all that as it may, the default was tacitly waived by the extension agreement granted at the request of the seller, dated March 1, 1975, and a subsequent extension agreement dated March 15, 1975, extending through April 15, 1975.”
We agree that the default was tacitly waived by the extension agreements of March 1, and 15, 1975.
The trial judge, in his reasons, also found that a time span of one week existed between the recordation of the cancelling of the notice of lis pendens and the termination date of the purchase agreement, April 15, 1975, and that no action was taken by either party to complete the sale. It is uncontroverted that the lis pendens was removed on April 4, 1975 and that such cancellation was recorded on April 8, 1975. We agree with plaintiff-appellant’s contention that it was the duty of the seller to remove the lis pendens. The fact is that the lis pendens notice was removed, whether through the efforts of the defendant or not. Regardless of who caused the removal, the fact remains that the lis pendens defect in the title was cured, and the defendant vendor had filled his responsibility.
We note however, that the act of sale was to be passed before the lender’s notary, not the vendors’ notary, and cannot find any duty on the part of the defendant to do any more than to remove the lis pendens and pass title when he was demanded to do so within the agreement period. The notary took no action during that last seven day period and did not schedule an act of sale prior to the expiration of the extension. Thus, we cannot find the vendor to have been in default for having failed to pass title when in fact there was never an opportunity for him to pass title during the extension period. The record clearly indicates that although the plaintiff was ready *1174 to perform at any time prior to and including April 15,1975, it was impossible for the vendor to be put in default because of the lender’s notary not being prepared to pass the act of sale when the removal of the lis pendens notice was received.
Had the agreement stipulated that the act of sale was to be passed before the vendor’s notary we could reach a different conclusion. Unfortunately for the plaintiff we do not have such a responsibility of the vendor in the case before us and we must conclude that the act of sale did not take place through the fault of either party, and that the agreement died by its own terms after April 15, 1975. Once the agreement expired neither party was obligated to the other.
For the foregoing reasons the judgment appealed is affirmed.

AFFIRMED.